JACOB I. POLKOWITZ, PLAINTIFF-RESPONDENT, v. PAUL W. EWING, DEFENDANT-APPELLANT.

Submitted May 11, 1934—Decided September 8, 1934.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *William D. Danberry.*

For the respondent, *Jacob I. Polkowitz, pro se.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Perth Amboy District Court in favor of the plaintiff. The

state of demand sought to recover $200 upon two counts. The first was on a non-negotiable promissory note for $200 dated January 26th, 1933, due three months from date, and the second was on a stipulation signed by defendant-appellant.

The parties are attorneys. It appears that Ewing, the defendant-appellant herein, represented Margo Realty Corporation, defendant in a suit brought by William Weinberger, who was represented by Polkowitz, the plaintiff-respondent herein. The action was tried before a justice of the peace and resulted in judgment for $200 in favor of Weinberger. Ewing's client appealed to the Common Pleas but the appeal was not perfected, so that Weinberger was entitled to have it dismissed for lack of prosecution. Thereupon Ewing entered into a stipulation that if Weinberger would permit the appeal to be disposed of on the merits, he, Ewing, would pay the amount of the judgment if the Common Pleas reversed. If the judgment was affirmed, then Weinberger was to look to the defendant therein, Margo Realty Corporation, for collection. The note was given as part of this latter transaction.

These facts are stated in the briefs, and appear to some extent in the stipulation which was admitted in evidence.

The state of the case settled by the District Court judge is rather meagre and discloses:

"Plaintiff was sworn and the note was offered and accepted in evidence without any objection on the part of defendant. The stipulation was offered and accepted in evidence without any objection on the part of the defendant.

"Plaintiff testified that the note so offered was the note referred to in the stipulation, and that he was the owner of said note and that the same had not been paid. Plaintiff thereupon rested.

"Defendant likewise rested, without offering any testimony or evidence whatsoever."

Defendant contended at the trial, and in this court, that he should have a verdict because (1) the note was without consideration; (2) there was no proof that the note was due and payable in accordance with the terms of the stipu-

lation; and (3) that the consideration, if any, for the note was illegal, void and contrary to public policy.

The trial judge entered judgment on the first count for the amount of the note and interest.

Plaintiff relied in his state of demand both on the note and the stipulation. He introduced both the note and stipulation in evidence and testified that the note was the one referred to in stipulation. But there is not one word of testimony as to what happened to the trial of the appeal in the Common Pleas nor any evidence that the $200 became due in accordance with the terms of the stipulation. For all that appears the judgment may have been affirmed and actually collected from the Margo Corporation. The plaintiff has alleged and proved a single contract, evidenced by the note and the stipulation, and he must prove that the conditions came about which were to create the liability of the defendant. He cannot, as he now appears to attempt, rely on the note alone and say that from its fact there is a presumption of consideration and, there being no evidence on the part of the defendant to contradict this, he should have judgment.

In the situation presented, the motion for a verdict for defendant should have been granted. The judgment is reversed and a new trial granted.